IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JUSTIN CURTIS FAIRCHILD,               §
Institutional ID No. 5018947,          §
                                       §
            Plaintiff,                 §
                                       §
v.                                     §    CIVIL ACTION NO. 2:20-CV-173-Z-BQ
                                       §
FRANKLIN MCDONOUGH, *et al.*,          §
                                       §
            Defendants.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Justin Curtis Fairchild filed this action under 42

U.S.C. § 1983 alleging violations of his constitutional rights in connection with a criminal charge

originating out of Pampa, Texas. ECF No. 3, at 1–4; Am. Compl. 4–5, ECF No. 6.[1] He seeks

monetary damages and asks the Court to dismiss his criminal charges and order his release. Am.

Compl. 6.

Fairchild filed his original Complaint on July 9, 2020.[2] ECF No. 3. Under Special Order

No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge

for further proceedings. Fairchild filed an Application to Proceed *In Forma Pauperis*, which the

Court granted. ECF Nos. 7, 8. The Court thereafter reviewed Fairchild's Amended Complaint, as

well as authenticated records provided by Defendants, and ordered Fairchild to complete a

questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), which he timely

completed and returned. ECF Nos. 17, 18.

---

[1] Page citations to Fairchild's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[2] Fairchild filed his operative Complaint on August 11, 2020. ECF No. 6.

In accordance with Special Order 3-251, the undersigned makes the following findings, conclusions, and recommendations to the United States District Judge.

## I.   Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts

2

hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II.   Discussion

### A.  Fairchild's Claims

Fairchild's Amended Complaint names the following Defendants:  District Attorney (DA) Franklin McDonough of the 31st District; Gray County Sheriff's Department; Pampa Police Department (PD); Corporal Damron of the Pampa PD; Officer Armentrout of the Pampa PD; and attorney Erin Mulanax.  Am. Compl. 1–2.  According to Fairchild's Amended Complaint: (1) DA McDonough "[s]entenced [him] to prison without evaluating allegations on crimes [he] didn't committ [sic]"; (2) Gray County Sheriff's Department "[w]rongfully imprisoned [him] on said charges/allegations without reviewing facts of case"; (3) Pampa PD "[a]llowed arresting officers to assume [his] guilt due to prior non related arrests"; (4) Corporal Damron "[a]llowed [his] arrest and criminal profiling" and failed to take his "statement due to [Fairchild's] history"; (5) Officer Armentrout "[c]riminally profiled and arrested [him] with no crime committed [he] was sentenced for [sic]"; and (6) Attorney Mulanax "[m]isrepresent[ed] [him] by coaching [him] [with] scare tactics to sign for time for the D.A.'s benefit." *Id.* at 4–5.

Fairchild contends that on March 7, 2020, in a Walmart parking lot in Pampa, Texas, he "got in a verbal confrontation with several unknown aggressors" and he "defended [himself] reasonably and briefly [with] [a] pocket knife" but "never [made] any contact." *Id.* at 6.  In Fairchild's view, these "[a]ggressors called Pampa PD [and] made up [a] story of [Fairchild] physically attacking them," and Defendants Damron and Armentrout thereafter arrived and arrested Fairchild without taking his statement "partially due to the aggressors personally knowing

the officers." *Id.* Fairchild complains that he was arrested for aggravated assault with a deadly weapon although there were "no injuries of any kind." *Id.*

In response to the Court's questionnaire, Fairchild avers that Defendant Damron "took the other individuals [sic] statements as hard evidence instead of reviewing parking lot tape that would show they approached [him]." Questionnaire 4, ECF No. 18. He acknowledges that he pulled out his pocket knife but claims he "put it away just as quick when [he] realized [he] wouldnt [sic] need it," and "threw the knife away because [he] didnt [sic] want to be wrongfully assaulted or shot by officers." *Id.* at 5. Moreover, as to his criminal profiling claim, Fairchild believes Defendant Armentrout unlawfully profiled him because she and Defendant Damron "neglected to understand why [he] defended [himself], didn't review parking lot footage, or take [the] whole situation into perspective once they were told by [Fairchild] [he] [is] unfortunately a convicted felon for unrelated charges." *Id.* at 6. Fairchild alleges the five strangers with whom he had an altercation knew Defendants Damron and Armentrout because Pampa is a "small town everyone knows everyone," and therefore he was arrested for a crime he did not commit. *Id.* at 6–7.

With respect to his claims against Attorney Mulanax, Fairchild essentially takes issue with her performance as his lawyer and "believe[s] [she] just wanted to do as little work as possible and to stay on court appointed rotation especially during COVID 19 pandemic." *Id.* at 7–8. In addition, Fairchild clarifies in his questionnaire responses that, rather than naming DA McDonough as the responsible party, he intended to allege that the judge sentenced him for a crime he did not commit. *Id.* at 1. Ultimately, however, Fairchild acknowledges that he pleaded guilty to aggravated assault with a deadly weapon and his conviction has not been reversed, invalidated, or otherwise expunged. *Id.* at 1–2. He is currently serving his sentence in the Texas Department of Criminal Justice (TDCJ) Middleton Unit. *See* ECF No. 14.

**B. Fairchild's request for relief in the form of release from TDCJ and the dismissal of his state criminal charges are not available remedies under 42 U.S.C. § 1983.**

To the extent Fairchild seeks release from TDCJ custody and dismissal of his criminal charges, a § 1983 action is not the appropriate means for obtaining such relief. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (distinguishing between habeas corpus and § 1983 suits); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (noting "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," while "[a] habeas petition . . . is the proper vehicle to seek release from custody"); *Whitfield v. Bd. of Pardons & Paroles*, No. 3:11–CV–2037–N–BH, 2011 WL 5986013, at *2 (N.D. Tex. Sept. 14, 2011) ("A prisoner cannot challenge the fact or duration of confinement in a § 1983 action.") (citing *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)), *R. & R. adopted by* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011); *Lewis v. Meier*, No. 3:01–CV–1574–R, 2002 WL 31156668, at *2 (N.D. Tex. Sept. 24, 2002) (finding that plaintiff's request for release from jail was "an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983"). Thus, the undersigned recommends that the district judge dismiss Fairchild's claims to the extent he seeks release from prison and the dismissal of his charges.

**C. Fairchild names defendants not amenable to suit.**

Fairchild attempts to assert constitutional claims against several parties not amenable to suit under § 1983, including DA McDonough, an unnamed state judge, the Gray County Sheriff's Department, Pampa PD, and Attorney Mulanax. Am. Compl. 1–2; Questionnaire 1.

Both DA McDonough and the unspecified state judge enjoy immunity for actions taken during the exercise of their duties. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (acknowledging that criminal prosecutors "enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case"); *Ammons v.*

*Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) ("A judge, of whatever status in the judicial

hierarchy, is immune from suit for damages resulting from any acts performed in a judicial role.").

Accordingly, Fairchild's claims against these Defendants, i.e., prosecuting or sentencing him for

a crime he alleges he did not commit, should be dismissed. *See Haney v. Schwab*, CIVIL ACTION

NO. 19-10620, 2019 WL 6330795, at *2 (E.D. La. Nov. 5, 2019) (dismissing as frivolous claims

against state district judge because he was entitled to judicial immunity), *R. & R. adopted by* 2019

WL 6330167 (E.D. La. Nov. 26, 2019); *Epps v. City of Dallas Police Dept*, Civil Action No. 3:15-

CV-3881-L, 2016 WL 1642946, at *1 (N.D. Tex. Apr. 26, 2016) (dismissing at screening claims

against district attorney and state judge because they possessed absolutely immune under § 1983).

To the extent Fairchild attempts to recover damages from the Gray County Sheriff's

Department and Pampa PD, he fails to state a claim upon which relief may be granted because

neither is suable. "Federal courts in Texas have uniformly held that entities without a separate

jural existence are not subject to suit." *Torti v. Hughes*, Civil Action No. 3:07-CV-1476-M, 2007

WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases); *accord Jacobs v. Port Neches Police

Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d

311, 313 (5th Cir. 1991)) ("In Texas, county sheriff's and police departments generally are not

legal entities capable of being sued, absent express action by the superior corporation (the county,

in the case of the sheriff's department) 'to grant the servient agency with jural authority.'").

Fairchild has pleaded no facts demonstrating that the Gray County Sheriff's Department and

Pampa PD, as county sheriff and police departments, are separate jural entities subject to suit. *See,

e.g., Darby*, 939 F.2d at 313 (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979))

(explaining that a political subdivision such as a police department only has the capacity to be sued

if it "enjoy[s] a separate legal existence"); *Lemon v. Kenner Police Dep't*, CIVIL ACTION NO.

16-6631, 2016 WL 3950771, at *4–5 (E.D. La. July 1, 2016) (noting that a police department is not a judicial entity or person capable of being sued under § 1983); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (dismissing plaintiff's claims against the Houston Police Department because it "lacks legal existence and the capacity to be sued"); *Gibson v. Dall. Cty. Jail Sys.*, Civil Action No. 3:07–CV–0490–L, 2007 WL 1576264, at *2 (N.D. Tex. Dec. 17, 2007) (holding the Dallas County Jail and its medical department are not separate legal entities with jural authority). In addition, such entities are not liable for the actions of their employees because 42 U.S.C. § 1983 does not impose vicarious liability. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). Because Fairchild has alleged no facts demonstrating that the Gray County Sheriff's Department and Pampa PD possess the capacity to be sued, established law requires dismissal of these claims, even if Fairchild could plead underlying constitutional violations.

Finally, to successfully state a claim under § 1983 against his criminal defense lawyer, Attorney Mulanax, Fairchild must show that her actions are "fairly attributable to the State." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *accord Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Criminal defense attorneys, whether privately retained or publicly appointed, are not state actors. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) ("[Plaintiff's] claim against [defendant] is not cognizable under § 1983 because a defense attorney in a criminal proceeding is not a state actor."); *Segue v. Carollo*, Civil Action No. 14–2842, 2015 WL 2089759, at *4 (E.D. La. Apr. 30, 2015) ("The law is clear that under no circumstances can . . . a private attorney who represented or was retained to represent [plaintiff] in his criminal case . . . be

considered a state actor for Section 1983 purposes as a matter of law."). Because Fairchild's defense attorney is not a state actor, the undersigned recommends that the district judge dismiss Fairchild's claims against her.

### D. Fairchild's challenge to his criminal conviction does not give rise to a viable § 1983 claim.

Fairchild also attempts to attack the validity of his state criminal conviction. As set forth above, Fairchild alleges that Defendants Damron and Armentrout violated his constitutional rights by "criminally profiling" him and unlawfully arresting him for aggravated assault with a deadly weapon. Am. Compl. 4–5; Questionnaire 3–9. Fairchild confirms that he pleaded guilty to the charge and is currently serving his sentence. *See* Questionnaire 1. As alleged, Fairchild fails to state a cognizable claim under 42 U.S.C. § 1983.

In *Heck v. Humphrey*, the United States Supreme Court held that a plaintiff seeking to recover damages for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid" must first prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994). Where a favorable judgment in the civil rights action would "necessarily imply the invalidity of [a prisoner's] conviction or sentence" in his criminal case, the civil claim is barred unless the criminal conviction has been reversed or otherwise declared invalid. *Id.* In addition to actions for monetary damages, courts have subsequently applied the "*Heck* bar" to prisoners' claims for injunctive and declaratory relief. *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that whether a plaintiff's claims are "for damages, declaratory judgment, or injunctive relief," they are not cognizable under § 1983 until plaintiff's conviction is overturned or otherwise declared invalid).

Here, a favorable judgment in this action would necessarily call into question the validity of the Fairchild's criminal conviction because that is precisely what Fairchild asks the Court to do. *See* Am. Compl 6. Fairchild concedes that his conviction has not been reversed, invalidated, or otherwise dismissed. *See* Questionnaire 2. *Heck* therefore bars Fairchild's remaining claims against Defendants Damron and Armentrout. *See, e.g., Bailey v. Fuentez*, 3:19-cv-2042-S (BT), 2020 WL 6551270, at *2 (N.D. Tex. Mar. 23, 2020) (recommending dismissal of claim that parole revocation warrant was unlawful because plaintiff failed to show his imprisonment had been invalidated), *R. & R. adopted by* 2020 WL 6550500 (N.D. Tex. Nov. 5, 2020); *Franklin v. Hull*, Civil Action No. 4:08–CV–377–Y, 2009 WL 144502, at *1–2 (N.D. Tex. Jan. 21, 2009) (dismissing as *Heck*-barred claim that plaintiff was innocent of criminal charge to which he had pleaded guilty); *Hamilton v. Dall. Police Dep't*, No. 3:04-CV-2191-P, 2005 WL 241192, at *3 (N.D. Tex. Jan. 31, 2005) (dismissing under 28 U.S.C. § 1915A plaintiff's false arrest claim as barred by *Heck*), *R. & R. adopted by* 2005 WL 549946 (N.D. Tex. Mar. 8, 2005); *Escamilla v. Dall. Police Dep't*, No. 3-01-CV-1159-G, 2001 WL 1338302, at *2 (N.D. Tex. Oct. 18, 2001) (dismissing under *Heck* claim alleging plaintiff had "been falsely charged for possessing drugs").

### III.    Recommendation

For these reasons, in accordance with 28 U.S.C. §§ 1915 and 1915A, the undersigned recommends that the United States District Judge dismiss with prejudice Fairchild's claims against DA McDonough, the unnamed state judge, the Gray County Sheriff's Department, the Pampa PD, and Attorney Mulanax. Further, the undersigned recommends that Fairchild's remaining claims against Defendants Damron and Armentrout be dismissed with prejudice until the conditions of *Heck* are met. Finally, the undersigned recommends that the District Court dismiss with prejudice any claim for release from prison or dismissal of Fairchild's state criminal conviction.

## IV.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 8, 2021.

_____

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**